## Jermon *et al.* versus Lyon *et al.*

1. A sale of land subject to debts not of record, by order of the Orphans' Court, under the Act of 18th April 1853 (Price Act), discharges the lien of a mortgage.

2. Land subject to a mortgage of $5000, the mortgagor being dead, was sold under such order for $10,000 ; the sale was so returned and confirmed and security given in $21,000, conditioned for the appropriation of the proceeds; the consideration in the deed was $5500, subject to the mortgage; the deed was acknowledged in open court. The purchaser sold subject to the mortgage. Judgment was recovered after two " nihils" on scire facias against the mortgagor and under it the land was sold to the owners of the mortgage. *Held* they took a good title.

3. The terre-tenant, having taken the land expressly subject to the mortgage, and the debt being part of the purchase-money, was estopped from denying its existence and that it was a lien.

4. In an action against husband and wife some of the counts were against her for indebtedness in improving her separate estate and some for the joint indebtedness of both. Judgment was confessed in the action in open court, and under it her land was sold. *Held* that although the judgment might have been reversed on error, the sheriff's sale under it was not destroyed.

5. There was enough from the sale under the mortgage to pay the judgment also; the purchasers under the judgment being strangers to it, would not be affected by this.

6. It was the duty of the defendant to have moved in the matter ; by permitting the sale to be made and the deed to be acknowledged, &c., she was estopped from questioning the sale.

7. Patterson *v.* Robinson, 1 Casey 81; Ramborger *v.* Ingraham, 2 Wright 146, recognised.

February 14th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Certificate from Nisi Prius, No. 130, to July Term 1872.

This was an action of ejectment, brought July 3d 1872 by J. Wagner Jermon and Sarah A. Jermon, his wife, in her right, against Edward Lyon, Thomas Lyon and George W. Taylor, for premises at the south-east corner of Broad and Oxford streets, Philadelphia, being forty-eight feet on Broad street, &c.; at the time of bringing this ejectment the premises had been divided into three lots.

The title of the property had been in George W. Roberts; on the 13th of April 1861, he executed a mortgage on the property to the Reliance Mutual Insurance Company, to secure the sum of $5000, payable in one year with interest. He died intestate,

[Jermon *v.* Lyon.]

December 31st 1862, unmarried and without issue, seised of the premises, leaving to survive him as his heirs at law, Pratt Roberts, his father, Ann W. Roberts, his mother, and Charles W. Roberts, his brother. On the 18th of December 1863, a petition signed by all these heirs was presented to the Orphans' Court of Philadelphia, setting out the death of the decedent, seised of the real estate, and that the estate "was subject to the lien of debts not of record if any there be;" the prayer was for a decree that the "petitioners may make a public sale of the premises clear and discharged of all liens in the hands of the purchaser, and that they may give security, as provided by the Act of April 18th 1853."

On the same day the prayer was "granted, and the court awarded an order of sale accordingly, agreeably to the provisions of the Act of Assembly in such case made and provided."

On the 15th of January 1864 the petitioners made return that they had sold the premises to John Rice for $10,500; on the same day the sale was confirmed and Isaac M. Post approved as surety in addition to the names of Pratt Roberts and Charles W. Roberts.

The bond for the security was dated January 15th 1864 and was conditioned that Pratt Roberts and Charles W. Roberts should faithfully execute the power committed to them by the Orphans' Court, &c., in the sale of the real estate of the decedent, and truly account for and pay over the proceeds of the same according to law and in such manner as the court should direct.

The deed made in pursuance of the sale was dated January 30th 1864: it was between "Pratt Roberts and Ann his wife and Charles W. Roberts, heirs and legal representatives of George W. Roberts, deceased, of the one part, and John Rice of the other part." It recited the proceedings in the Orphans' Court, including the sale to Rice for $10,500, and its confirmation, &c., and "in consideration of the sum of $5500," conveyed the premises to Rice in the ordinary form, "under and subject to the payment of a certain mortgage debt or sum of $5000, with interest, made and executed by the said George W. Roberts to the Reliance Mutual Fire Insurance Company, &c., recorded," &c., concluding with a clause of special warranty from all the grantors. The deed was acknowledged on the 5th of February 1864, before an alderman, with the separate examination of Mrs. Roberts.

Endorsed on the deed is the certificate of the clerk of the Orphans' Court, that on the same day, on the petition of Pratt Roberts and wife and Charles W. Roberts, praying that the sale of the premises therein mentioned and described might be confirmed unto Rice; the "court approved and confirmed the sale so made as within conveyed, and the security having been duly given and bond filed, &c., it is accordingly ordered, &c., that the said conveyance of the said lot of ground and within particularly described

[Jermon v. Lyon.]

be and remain firm and stable unto the said John Rice, his heirs and assigns for ever; and at an Orphans' Court held as aforesaid, the 5th day of February 1864, personally came the said Pratt Roberts and Ann his wife and Charles W. Roberts and acknowledged the within indenture to be," &c.   The whole was recorded in the recorder's office on the same day.

On the 11th of February 1865, Rice conveyed the premises to Sarah A. Jermon (plaintiff) for the consideration of $8000, "subject to the payment of a certain mortgage debt of $5000.

The case was tried at Nisi Prius March 6th 1874, before Mr. Justice WILLIAMS, when the plaintiff gave the foregoing in evidence and closed.

The defendants gave evidence as follows:

On the 2d of February 1867 an action of assumpit was commenced by W. A. Arnold against J. W. Jermon and S. A. Jermon, his wife.   The first count of the declaration set out, that Mrs. Jermon was indebted to the plaintiff for goods, &c., and work and labor found, provided and used about the improvement, &c., of real estate, her separate estate, at her special instance and request; that she had assumed to pay it, &c.   The second count was that the "defendants" were indebted to the plaintiff for goods, &c., work and labor found, applied, &c., about real estate, being her separate estate, at her special instance, &c., and at the special instance, &c., of J. W. Jermon, and that the "defendants" assumed to pay; the remaining counts were the common counts averring indebtedness, and assumption by the "defendants;" the plea was "non assumpsit;" on the 21st of May 1867 judgment was confessed in open court in favor of the plaintiff for $321.38, with stay of execution for six months.   Assignment of the mortgage, dated June 5th 1867, from the Reliance Insurance Company to Edward Lyon, Thomas Lyon and George W. Taylor.   To July Term 1867, the assignees of the mortgage issued a scire facias on it against George W. Roberts, the mortgagor, which was returned "nihil."   An alias scire facias in the same form was issued returnable to the 1st Monday of August 1867, which was also returned "nihil;" judgment was taken September 2d 1867 and damages assessed at $5115.83.   A number of writs of levari facias were issued on this judgment, the first to January Term 1868 and sales made under them, in which either the purchasers neglected to comply with their bids or the sales were set aside.

The 5th pluries levari facias issued September 18th 1869.   To this levari the sheriff returned that he had sold to the defendants in this ejectment lot No. 1 for $10,000, and lot No. 2 for $2000, and had taken their receipt as plaintiffs in the execution for $5748.57, and brought the remainder of the purchase-money into court.   The deed to the purchasers was acknowledged December

[Jermon *v.* Lyon.]

4th 1869.   On the 13th of December 1869 a pluries vend. ex. was issued on the Arnold judgment, and lot No. 3, being 16 feet on Broad street, was sold to Edward Lyon (defendant) for $2000, and deed acknowledged January 22d 1870.

The plaintiffs submitted the following points all which were refused :—

1. The Orphans' Court sale of January 13th 1864 divested the lien of the mortgage of the Reliance Mutual Insurance Company, dated April 13th 1861, recorded in mortgage book A. C. H., No. 9, page 71, &c., and substituted the money arising from the sale in the place of the land.

2. After the Orphans' Court sale, the Reliance Mutual Insurance Company could only look to the fund in the hands of Pratt Roberts, Ann Roberts and Charles W. Roberts, for satisfaction of the debt secured by the mortgage.

3. The lien of the mortgage having been divested by the Orphans' Court sale, if the jury find from the evidence that it was not revived or continued as a lien by any writing signed by the parties, the making of the conveyance subject to its payment, would not reinstate it as a lien upon the premises, and the plaintiff is entitled to recover.

4. After the lien of the mortgage of the Reliance Mutual Insurance Company had been divested by the Orphans' Court sale, a new lien could only have been given to the insurance company by the creation of a new mortgage, and the plaintiffs are entitled to recover.

5. The subsequent issuing of scire facias upon the mortgage, and recovery of judgment, were ineffectual to create any lien, and the judgment was void, and no title passed at a sheriff's sale under the judgment.

6. The title of a married woman cannot be divested by a judgment and sheriff's sale, unless the record shows her liability.

7. The entry of a judgment against a married woman by her confession in an action in which some counts in the *narr.* show a good cause of action against her and others, show only a cause of action against her husband for the same claim, does not create a presumption that the judgment is valid against her, and the burden of proof is on the purchaser at a sheriff's sale, under such a judgment to show her liability.

8. If the jury find from the evidence that the purchaser at sheriff's sale acquired the title by any trick or fraud, the verdict must be for the plaintiffs.

9. If the jury find from the evidence that the judgment of Arnold was paid by the sale of premises No. 1, no title passed by the sale of premises Nos. 2 and 3, and as to these two lots, the verdict must be for the plaintiffs.

Judge WILLIAMS further charged :—

[Jermon *v.* Lyon.)

" This is an action of ejectment against landlord and tenants. The evidence shows an application by Roberts' heirs to the Orphans' Court to sell this property. It was sold to John Rice for $10,500. Ordinarily, this sale would have discharged any mortgage. But before the sale was completed an agreement was made to take $5500 cash and let an old mortgage for $5000 remain. The Orphans' Court approved this, and it was done. There was nothing wrong here, and the only persons affected were Roberts' heirs, Rice and the mortgagee. The heirs did not object, and the mortgagee did not object, and Rice certainly did not object. Then the mortgagee assigned the mortgage to defendants. They issued a scire facias and obtained judgment. Many applications were made by these plaintiffs to stay proceedings, and there were many executions. Finally, there was a sheriff's sale of two lots to the defendant.

" The other lot was sold under a judgment obtained for materials furnished to this very property. The judgment was confessed by the plaintiffs' attorneys. They most probably had authority, and there has been no evidence offered to impeach the judgment. The sale under it is, therefore, good. The plaintiffs have been fighting the title to this property with unusual pertinacity, and they have had unusual opportunities of being heard. But the time has come when we must cease to hear them.

" There is no evidence of trick or fraud in acquiring title.

" No objection was raised that more property was sold than was sufficient to pay debt."

He instructed the jury to find for the defendants; they accordingly so found.

The plaintiffs took a writ of error, and assigned for error the refusal of their points and the charge of the court.

*D. C. Harrington* and *F. C. Brewster,* for plaintiffs in error.— Judgment having been entered against the mortgagor on two nihils, without notice to the terre-tenant, she can, in an ejectment against a purchaser at a sheriff's sale, make any defence which she might have set up on the trial of the scire facias: Mevey's Appeal, 4 Barr 80; Menges *v.* Oyster, 4 W. & S. 20. If by any reason the lien had been divested, no title passed at the sheriff's sale. As the proceedings are *in rem,* the foundation of the judgment is the alleged lien of the mortgage of which they are attempting to enforce the collection: Wilson *v.* McCullough, 7 Harris 77. An Orphans' Court sale is a judicial sale, and divests liens: Moliere *v.* Noe, 4 Dall. 450; Gilmore *v.* Commonwealth, 17 S. & R. 276; Presbyterian Corp. *v.* Wallace, 3 Rawle 109; McLanahan *v.* Wyant, 1 Penna. R. 96; Bowers *v.* Oyster, 3 Id. 239; Cadmus *v.* Jackson, 2 P. F. Smith 295. After the mortgage was paid by the sale, it had performed its office. An attempt to revive is equivalent to the

[Jermon *v.* Lyon.]

creation of a new mortgage : Kinley *v.* Hill, 4 W. & S. 426. A mortgage is but a security for the payment of a debt, and when that is paid or extinguished, it can never be resuscitated : Wentz *v.* Dehaven, 1 S. & R. 317 ; Anderson *v.* Neff, 11 Id. 208 ; Ayres *v.* Wattson, 7 P. F. Smith 360. The recital in the deed to Mr. Rice had not the effect to revive the lien which had been discharged, and the subsequent sheriff's sale conveyed no title. In a deed-poll the grantee makes no covenant : Campbell *v.* Shrum, 3 Watts 60. If by the deed from Roberts to Rice the grantee covenants to pay the debt, no scire facias would lie on the mortgage, and the remedy would be in covenant on the deed : Walter *v.* Physick, 5 Barr 193. The words in the habendum making the conveyance subject to the payment of a mortgage debt are void. There is no covenant on part of Mr. Rice to pay the debt : Lancaster Bank *v.* Myley, 1 Harris 544 ; Shoenberger *v.* Hay, 4 Wright 132 ; Maule *v.* Weaver, 7 Barr 329 ; Tyler *v.* Moore, 6 Wright 386 ; Miners' Appeal, 11 P. F. Smith 283. The recital of unpaid purchase-money in the deed does not make it a lien on the premises conveyed : Bear *v.* Whisler, 7 Watts 144 ; Neas's Appeal, 7 Casey 293 ; Hiester *v.* Green, 12 Wright 96. If the mortgage was discharged by the Orphans' Court sale, the assignees acquired no title by the sheriff's sale : Samms *v.* Alexander, 3 Yeates 268 ; Hoffman *v.* Strohecker, 7 Watts 88 ; Gibbs *v.* Neely, Id. 307 ; Caldwell *v.* Walters, 6 Harris 85 ; Fetterman *v.* Murphy, 4 Watts 424.

As to the judgment of Arnold, the judgment against the wife must be founded upon a *narr.*, which discloses her liability only, and not a joint liability with her husband : Park *v.* Kleeber, 1 Wright 251, 254. A joint promise by the husband and wife is but the promise of the husband : Cummings *v.* Miller, 3 Grant 146. The question of lien as against Mrs. Jermon must be determined by inspection of the record : Finley's Appeal, 17 P. F. Smith 453 ; Swayne *v.* Lyon, Id. 436. A judgment entered upon the bond of a married woman is a nullity, and a sale of her property on such a judgment conveys no title : Keiper *v.* Helfricker, 6 Wright 325 ; Steinman *v.* Ewing, 7 Id. 63 ; Brunner's Appeal, 11 Id. 67 ; Caldwell *v.* Walters, 6 Harris 79.

When the proceeds of a sale are sufficient to satisfy a writ, its force is spent, and the plaintiff in a judgment can acquire no title to property of a defendant by a sale after his judgment is paid. He is guilty of actual fraud : Gilbert *v.* Hoffman, 2 Watts 66 ; McKennan *v.* Pry, 6 Id. 137.

*A. T. Freedly* and *L. C. Cassidy* (with whom was *W. H. Rawle*), for defendants in error.—An agreement by the purchaser to take subject to a lien estops himself or his vendees with notice from denying it : Stackpole *v.* Glassford, 16 S. & R. 163 ; Zeigler's

[Jermon v. Lyon.]

Appeal, 11 Casey 173; Crooks v. Douglass, 6 P. F. Smith 51; Ashmead v. McCarthur, 17 P. F. Smith 326; Loomis's Appeal, 10 Harris 318. The conveyance to Mrs. Jermon under and subject to the payment of the mortgage, and her acceptance of the deed, her retention of the purchase-money to that amount, &c., made the mortgage debt her own: Campbell v. Shrum, 3 Watts 60; and was binding upon her, although she was a *feme covert*, for not even a married woman can retain both the land and the consideration: Patterson v. Robinson, 1 Casey 81; Ramborger v. Ingraham, 2 Wright 147; Glass v. Warwick, 4 Id. 140; Bortz v. Bortz, 12 Id. 382.

Mrs. Jermon was liable under the contract set forth in the first count, and a judgment thereon would have been valid; for a married woman's contract for the improvement and repair of her separate estate is binding upon her as being constructively within the exception introduced by the Act of 1848; Lippincott v. Hopkins, 7 P. F. Smith 328; Lippincott v. Leeds, 27 Id. 420; Evans v. Meylert, 7 Harris 403; McCullough v. Wilson, 9 Id. 436; Patterson v. Robinson, 1 Casey 81; Ramborger v. Ingraham, 2 Wright 147; Brunner's Appeal, 11 Id. 67; Hartman v. Ogborn, 4 P. F. Smith 120.

Judgment was entered in the Supreme Court, March 6th 1876,

PER CURIAM.—Had there been no arrangement by the parties before the acknowledgment of the deed, the Orphans' Court sale of the mortgaged premises, under the real estate act of 1853, would have discharged the lien of the mortgage. But when the purchaser agreed to take the deed subject to the payment of the mortgage, and that much of the purchase-money was deducted from the sum bid, at which the premises were sold, and this was sanctioned by the court, by permitting the acknowledgment of the deed, reciting the consideration as $5500 and the subjection to the mortgage for the remainder, the purchaser estopped himself from denying the continued existence and lien of the mortgage. When Rice, the purchaser, sold to Mrs. Jermon, he recognised the mortgage and conveyed to her subject to it. She, therefore, is clearly estopped by her deed from denying the encumbrance subject to which she bought. Clearly she had no defence to the mortgage. It constituted a part of her purchase-money, and was binding upon her on the principles of Patterson v. Robinson, 1 Casey 81, and Ramborger v. Ingraham, 2 Wright 146. As to the premises number three, it may be conceded that the judgment against Mrs. Jermon was erroneous and might have been reversed upon a writ of error, but this would not destroy the sheriff's sale made under the judgment while standing in full force and unreversed. This judgment was obtained by W. A. Arnold, with whom Lyons and Taylor had no connection. Conceding that sufficient real estate had been sold to satisfy the judgment, yet no appropriation had been made

31 P. F. SMITH—8

[Jermon *v.* Lyon.]

to it out of the proceeds of sale, and no satisfaction entered. Lyon and Taylor being strangers to the judgment were not responsible for the act of the plaintiff, supposing that he was aware of the fact that the former sales would have reached and satisfied his judgment. It was the duty of Mrs. Jermon to have moved in the matter, if she thought the judgment was in fact satisfied by the former sales. But permitting the sale to be made and the deed acknowledged, and never having taken out a writ of error upon the judgment, it does not lie in her mouth now to deny the validity of the sale.

Judgment affirmed.